IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JEROME A. JOHNSON** § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO.  5:20-cv-245 |
| v. § | |
| § | |
| **FEDERAL HOME LOAN MORTGAGE** § | |
| **CORPORATION and PNC BANK, N.A,** § | |
| § | |
| *Defendants.* § | |

## NOTICE OF REMOVAL

Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and PNC Bank, N.A. ("PNC"), (collectively "Defendants") hereby remove the action Plaintiff Jerome A. Johnson ("Plaintiff") filed in the 73rd Judicial District Court of Bexar County, Texas, Cause No. 2020C100338 to the United States District Court for the Western District of Texas, San Antonio Division, under 12 U.S.C. 1452(f) and 28 U.S.C. § 1331 and 1332.

### I.   STATEMENT OF THE CASE

1.  On or about January 7, 2020, Plaintiff commenced Cause No. 2020C100338 styled *Johnson v. Fed. Home Loan Mortg. Corp., et al.,* in the 73rd Judicial District Court of Bexar County, Texas, (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action and obtained by Defendants are attached hereto as composite **Exhibit "A"** and incorporated herein by reference.

2.  Plaintiff sues Defendants for violations of Section 50(a)(6), Article XVI of the Texas Constitution, as well as claims for breach of contract, quiet title, and declaratory relief in connection with property in which Defendants hold a lien interest. Plaintiff argues that Defendants' lien on the property is invalid, and seeks clear title to the property. According to

Plaintiff's Original Petition ("Complaint"), Plaintiff seeks monetary relief of less than $100,000, plus unspecified non-monetary relief.

3. This Court has diversity jurisdiction over this case, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## II. TIMELINESS OF REMOVAL

4. Defendants were served with the Complaint on or about January 30, 2020. This Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Defendants. Accordingly, this Notice of Removal is timely.[1]

## III. VENUE

5. Venue for this Notice of Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas – the location of the pending State Court Action.[2]

## IV. BASIS FOR REMOVAL: 12 U.S.C. §1454(f)

6. Freddie Mac is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq*.

7. 12 U.S.C. § 1452(f) provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28." Section 1452(f) of Title 12 further provides, in pertinent part, that any civil action in a state court to which Freddie Mac is a party

---

[1] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

may, at any time before trial, be removed to the United States District Court embracing the place where the action is pending.

8.  28 U.S.C. § 1442(a) does not require Freddie Mac to notify or obtain the consent of any other defendant in this action in order to remove the entire case to federal court.[3]

9.  Freddie Mac is a party to the State Court Action as referenced above, and no trial of the action has yet taken place. Freddie Mac is therefore entitled to remove this action to this Court.

### V. BASIS FOR REMOVAL: DIVERSITY

10.  Alternatively and as an additional basis of removal, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements of diversity jurisdiction are met in this case because the parties are completely diverse in citizenship, and the amount in controversy, exclusive of interest and costs, exceeds 75,000.00.

**A.  Complete Diversity Exists.**

11.  Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."[4]

12.  According to the Complaint, Plaintiff is a resident of Bexar County and, accordingly, is a citizen of Texas for purposes of diversity jurisdiction.[5]

---

[3] *See* 28 U.S.C. 1442(a); *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir. 2006) (stating that "[w]hereas all defendants must consent to removal under section 1441…, a federal officer or agency defendant can unilaterally remove a case under section 1442…") (citations omitted); *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.,* 644 F. 2d 1310, 1315 (9th Cir. 1981) (stating that "§ 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition").

[4] *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

[5] *See* Original Petition, ¶ 3; *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.,* 485 F.3d 793, 797-98 (5th Cir. 2007).

13. Freddie Mac is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq*. and is at the present time a citizen of Washington, D.C.

14. PNC is a national banking association organized under the laws of the United States with its main office in the State of Delaware. Therefore, PNC is a citizen of Delaware.[6]

15. Because Plaintiff is a citizen of Texas, Freddie Mac is a citizen of Washington, D.C., and PNC is a citizen of Delaware, complete diversity of citizenship exists.

### B. The Amount in Controversy Exceeds $75,000

16. In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[7]

17. "In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation."[8] In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9] In addition, "'[w]hen ... a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"[10]

18. In this case, Plaintiff brings into question a right to property by asserting a claim for declaratory relief that he owns the property free and clear of Defendants' lien, and also brings

---

[6] *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

[7] 28 U.S.C. § 1332(a).

[8] *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). *See also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

[9] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998).

[10] *Nationstar Mortgage LLC v. Knox,* No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) quoting *Waller v. Prof. Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961)); *Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328 *2 (N.D. Tex. Sept. 16, 2011); *McDonald v. Deutsche Bank Nat'l Trust Co.*, No.

a suit to quiet title asking the court to strip Defendants of any lien interest in the property. Thus, because it is clear from the Complaint that Plaintiff has sued to protect title to real property, the property's value controls the amount in controversy.[11]

19. According to the Bexar County Tax Assessor, the appraised value for the subject property, located at 1110 W. Oak Estates Dr., San Antonio, Texas, is $475,000.[12] Accordingly, the amount in controversy exceeds $75,000, as the value of the Property exceeds $75,000.

20. Additionally, Plaintiff also seeks damages less than $100,000 plus other "non-monetary relief." Defendants allege that this statement alone also provides this Court with diversity jurisdiction, as Plaintiff does not limit damages to less than $75,000.00.

## VI. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto as **Exhibit A.**

22. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants are providing Plaintiff, through counsel, with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of Bexar County, Texas.

## VII. CONCLUSION

23. The Court may exercise diversity jurisdiction over this action because the Parties are completely diverse, and the amount in controversy exceeds $75,000.00.

---

3:11-CV-2691-B, 2011 WL 6396628 *2 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010).

[11] *See e.g. Govea v. JPMorgan Chase Bank, N.A.,* No. 10-cv-3482, 2010 WL 5140064 (S.D. Tex. Dec. 10, 2010); *Griffin v. HSBC Bank USA,* No. 10-cv-728-L, 2010 WL 4781297, *3 (N.D. Tex. Nov. 24, 2010); *Berry v. Chase Home Fin., LLC,* 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009); *Azzam v. Wells Fargo Bank, N.A.,* No. 10-cv-4616, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011).

[12] *See* Bexar County Tax Assessor Records attached as **Exhibit B.**

Dated: February 28, 2020

Respectfully submitted,

/s/ *Heather N. Sutton*
**HEATHER N. SUTTON**, SBN: 24072378
hsutton@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

*ATTORNEY FOR DEFENDANTS*

### CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing was served via the Court's ECF filing system, as follows:

Robert "Chip" Lane
Joshua D. Gordon
S. Alex Lick
The Lane Law Firm, P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200
notifications@lanelaw.com
joshua.gordon@lanelaw.com
alex.lick@lanelaw.com

*ATTORNEYS FOR PLAINTIFF*

/s/ *Heather N. Sutton*
**HEATHER N. SUTTON**